859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis E. LUTZ, O. Anthony Leyva and Leslie Ferguson,
Defendants-Appellants.
 Nos. 87-4039, 87-4040 and 87-4041.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal presents a double jeopardy issue. During a recess following completion of the government's case in chief in this criminal prosecution, the attorneys learned that an important government witness had perjured herself in responding to questions during cross examination. Before the trial resumed the prosecutor and the defense attorneys advised the court of their discovery, and the court directed the parties to file motions outlining the alternatives and indicating what steps they desired the court to take. Upon receiving this information the court denied two of the defendants' proposed alternatives: dismissal of the indictment or striking the witness's testimony with an admonition to the jury.
 
 
 2
 The court then asked all counsel whether they desired to go forward with the trial or move for a mistrial. Counsel for two of the defendants, including the appellant Ferguson, stated that they desired to move for a mistrial, while counsel for the appellants Lutz and Leyva advised the court that they desired to recall the witness and proceed with the trial. The government then moved for a mistrial based on "manifest necessity" in light of the conflicting motions of the defendants. The court granted the motions for mistrial of Ferguson and another defendant not involved in this appeal, but denied the government's motion for a mistrial. After denying motions for acquittal by Lutz and Leyva, the court called the witness for questioning out of the presence of the jury.
 
 
 3
 The witness appeared with counsel, exercised her Fifth Amendment right to remain silent, and refused to answer any of the questions propounded to her. The government objected to having the witness brought before the jury since she had already indicated that she would answer no questions. The two defendants then moved to strike her testimony and have the jury admonished. The government opposed this alternative and again moved for a mistrial. After taking the matter under consideration the district court granted the government's motion for a mistrial and set the case for retrial. At this point the defendants Lutz, Leyva and Ferguson brought this interlocutory appeal, contending that a second trial would subject them to double jeopardy.
 
 
 4
 The issue on appeal is whether the district court committed reversible error in granting the government's motion for mistrial over the defendants' objection where the defendants offered reasonable alternatives, and in refusing to dismiss the indictment on double jeopardy grounds.
 
 
 5
 In denying the defendants' motion to dismiss the indictment and granting the government's motion for mistrial the district court entered a memorandum opinion in which it reviewed each step of the process by which it had reached the intermediate and ultimate decisions. Both the record of proceedings and the memorandum opinion indicate clearly that the district court considered the importance to the defendants of having the case tried to a conclusion before the jury first selected and sworn. After careful consideration of the four options proposed by the defendants, however, the court determined that the trial could not proceed free of the taint of perjured testimony. The district court specifically found that the government was not responsible for the perjury.
 
 
 6
 The Supreme Court has recently dealt with the issue of a trial court's decision to declare a mistrial on grounds of manifest necessity. In Arizona v. Washington, 434 U.S. 497, 515-16 (1978), the Court stated:
 
 
 7
 The trial judge did not act precipitately in response to the prosecutor's request for a mistrial. On the contrary, evincing a concern for the possible double jeopardy consequences of an erroneous ruling, he gave both defense counsel and the prosecutor full opportunity to explain their positions on the propriety of a mistrial. We are therefore persuaded by the record that the trial judge acted responsibly and deliberately, and accorded careful consideration to respondent's interest in having the trial concluded in a single proceeding. Since he exercised "sound discretion" in handling the sensitive problem of possible juror bias created by the improper comment of defense counsel, the mistrial order is supported by the "high degree" of necessity which is required in a case of this kind. Neither party has a right to have his case decided by a jury which may be tainted by bias; in these circumstances, "the public's interest in fair trials designed to end in just judgements" must prevail over the defendant's "valued right" to have his trial concluded before the first jury impaneled.
 
 
 8
 (Footnotes omitted).
 
 
 9
 Upon consideration of the entire record, together with the briefs and oral arguments of counsel, we conclude that the district court did not abuse its discretion in declaring a mistrial and that a second trial will not subject the defendants-appellants to double jeopardy. The memorandum opinion of United States District Judge John D. Holschuh, filed November 10, 1987, displays a conscientious consideration of the available alternatives that satisfies the requirements for a finding of manifest necessity.
 
 
 10
 The judgment of the district court is affirmed.